UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

AGUSTIN MARMOLEJOS,

                Defendant.

19 Cr. 626 (PAE)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

      The Court has received an application from defendant Agustin Marmolejos seeking his release from Metropolitan Detention Center ("MDC") Brooklyn pursuant to § 3582(c)(a)(A)(i), in light of the risk that the COVID-19 pandemic presents to his health. *See* Dkt. 27 ("Def. Mot."); Dkt. 29 ("Def. Mem."). The Government opposes his request. *See* Dkt. 30 ("Gov't Opp'n"). For the reasons that follow, the Court denies Marmolejos's motion.

      During a six-week period in May and June 2019, Marmolejos collaborated with a confidential source working for the government to broker a series of multikilogram sales of heroin and fentanyl. The Government engineered a traffic stop and brought Marmolejos in for questioning, after which Marmolejos cut off contact with the confidential source and evaded the Government's tracking efforts. On December 31, 2019, Marmolejos was arrested at the airport attempting to flee to the Dominican Republic. *See* Dkt. 25 ("Sent. Tr.") at 26–27.

      On February 19, 2020, Marmolejos pled guilty to conspiring to violate the narcotics law of the United States pursuant to a plea agreement. In the plea agreement, the Government took the position that he appeared eligible for safety-valve relief, such that the otherwise applicable mandatory-minimum term of imprisonment of 120 months would not apply. On November 24,

1

2020, after considering the § 3553(a) factors, and taking into account the heightened rigors of Marmolejos's prison conditions (pre- and post-sentencing) due to COVID-19, the Court sentenced Marmolejos to a term of 36 months' imprisonment—well below the stipulated guidelines range of 70 to 87 months—followed by a three-year term of supervised release. Sent. Tr. at 32–34. As of today, Marmolejos has served approximately 14 months in prison, having been in custody since his arrest on December 31, 2019. *See* Def. Mem. at 1. His scheduled release date, which presupposes credit for good time, is July 20, 2022, approximately 17 months from now. Gov't Opp'n. at 2.

On January 7, 2021, the Court received a *pro se* motion from Marmolejos seeking early release in light of the COVID-19 pandemic. Def. Mot. On January 19, 2021, the Court re-appointed Marmolejos's trial counsel, Telesforo Del Valle Jr., Esq., to file a memorandum in support of his motion. Def. Mem. On January 8, 2021, Marmolejos's counsel submitted that memorandum. Marmolejos argues that compassionate release is warranted here in light of the pandemic, the unexpectedly harsh and dangerous circumstances at MDC Brooklyn occasioned by the pandemic, and his medical condition as a pre-diabetic with fatty liver disease and high cholesterol, all of which pose an increased risk of complications from COVID-19, and because he has served a substantial portion of his sentence. *See* Def. Mem. at 1–2.

On February 16, 2021, the Government opposed Marmolejos's motion. It argues that no compelling and extraordinary reasons support his release and that, even if such reasons were present, release is inappropriate in light of the sentencing factors set out in 18 U.S.C. § 3553(a).

Under 18 U.S.C. § 3582(c)(1)(A), a court:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are

>applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant bears the burden of proving that he is entitled to compassionate release under 18 U.S.C. § 3582(c). *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010).

Originally, § 3582(c)(1)(A) did not permit prisoners to initiate compassionate release proceedings, and instead required the Bureau of Prisons ("BOP") to seek such release on their behalf. *United States v. Ebbers*, 432 F. Supp. 3d 421, 422–23, 427 (S.D.N.Y. 2020). However, with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, Congress amended the law to allow defendants independently to seek compassionate release from federal courts. *Ebbers*, 432 F. Supp. 3d at 422–23.

The Second Circuit has recently clarified the regulatory guidance applicable to § 3582(c) applications made by defendants. Before the First Step Act, Congress had tasked the Sentencing Commission with identifying circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *Id.* at 427 (citing 28 U.S.C. § 994(t)). The Commission did so in U.S.S.G. § 1B1.13 and its corresponding commentary. That guidance, *inter alia*, (1) sets out various circumstances that present extraordinary and compelling reasons justifying release; and (2) requires that a defendant not be a danger to the community. *Id.* § 1B1.13(1)–(3) & cmt. n.1(A)–(D).

By its terms, however, the Commission's guidance applies only to a "motion of the Director of the Bureau of Prisons," *id.* § 1B1.13; the Commission has not updated § 1B1.13 or its

3

commentary to reflect the First Step Act's amendment to § 3582(c)(1)(A) authorizing defendants to move for compassionate release on their own. Accordingly, although courts, including this one, had heretofore widely treated the Commission's guidance as applicable to all compassionate release motions, *see, e.g.*, *United States v. Hernandez*, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020); *see also Ebbers*, 432 F. Supp. 3d at 428, the Second Circuit has recently clarified that § 1B1.13 "is not 'applicable' to compassionate release motions brought by defendants," rather than by the BOP, and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling" in such cases. *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *see also id.* at *7 ("Neither Application Note 1(D), *nor anything else in the now-outdated version of Guideline § 1B1.13*, limits the district court's discretion." (emphasis added)).

Consistent with *Brooker*, in assessing a § 3582(c) motion brought directly by a defendant, the Court is not constrained by either § 1B1.13's enumeration of extraordinary and compelling reasons, or its freestanding requirement that the defendant seeking release not pose any danger to the community. Rather, the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," 18 U.S.C. § 3582(c)(1)(A)(i), may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *Brooker*, 976 F.3d at 237.

The parties dispute whether Marmolejos's case presents extraordinary and compelling reasons warranting early release. Marmolejos argues that, taken together, the harsh conditions at MDC Brooklyn arising from the COVID-19 pandemic and his medical conditions so qualify. The Government disputes that there are extraordinary and compelling reasons for justifying release. Gov't Opp'n. at 6. It notes that Marmolejos's medical records do not independently

4

confirm Marmolejos's claim of "fatty liver" disease but only record his statements to that effect, and that even if he has that condition, it is uncertain whether this increases his risk of COVID-19 complications. *Id.* at 6–7. The Government also notes that Marmolejos's other medical conditions, prediabetes and high cholesterol, are not listed in the CDC guidance as comorbidities for COVID-19. *Id.* at 7–8. The Government also notes that the Court, in imposing sentence, already considered the substandard prison conditions due to COVID-19. *Id.* at 10. Most fundamentally, the Government argues that the § 3553(a) factors do not support Marmolejos's release, considering the severity of his crime and the already significantly below-guidelines sentence imposed. *Id.*

At the outset, Marmolejos's asserted reasons for release, while not to be minimized, fall short of the bases for such relief that have been presented in most cases in which the Court has granted compassionate release. To be sure, the COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration. The crowded nature of federal prisons in particular presents an outsized risk that the COVID-19 contagion, once it gains entry, will spread.[1] In that respect, COVID-19 poses a heightened health risk to all inmates. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. Beyond the risks to health, the pandemic has also subjected all inmates to far more restrictive

---

[1] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, 450 F. Supp. 3d 491, 492 (S.D.N.Y. 2020) (citing *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control & Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

conditions of confinement, and has resulted in limits on access to visitors, including family, far beyond what could have been expected at the time of sentencing. For these reasons, in the past months, various courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody[2] and the compassionate release of high-risk inmates serving federal sentences.[3]

    Marmolejos offers limited reasons, however, as to why the risks he faces exceed those faced by others in federal custody. He is 34 years old, Def. Mem. at 1, and the conditions he portrays as comorbidities do not clearly increase his risk of complications due to COVID-19. In this respect, his circumstances sharply contrast with those of various sentenced defendants whose release, on account of heightened vulnerability to COVID-19, this Court has ordered under

---

[2] *See, e.g.*, *United States v. Chandler*, --- F. Supp. 3d ---, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, under 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, 450 F. Supp. 3d 449 (S.D.N.Y. 2020) (granting bond pending sentencing, under 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, under § 3145(c), to defendant who had pleaded guilty to a narcotics offense); *cf. United States v. Stephens*, 447 F. Supp. 3d 63 (S.D.N.Y. 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would require his temporary release).

[3] *See, e.g.*, *United States v. Wilson*, 16 Cr. 317 (PAE), Dkt. 656 at 4–7 (S.D.N.Y. Aug. 31, 2020) (ordering compassionate release of defendant with heightened vulnerability who had served the substantial majority of his sentence and played a low-level role in a drug trafficking conspiracy); *United States v. Simon*, --- F. Supp. 3d ---, No. 18 Cr. 390-15 (PAE), 2020 WL 5077390, at *4–6 (S.D.N.Y. Aug. 27, 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played a low-level role in a drug trafficking conspiracy); *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played low-level role in drug trafficking conspiracy); *United States v. Brown*, 467 F. Supp. 3d 209, 212–13 (2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), 2020 WL 1673140, at *1–2 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence).

§ 3582(c).  *See supra* note 3; *e.g.*, *Simon*, 2020 WL 5077390, at *4–6 (granting compassionate release to 72-year-old defendant with HIV, chronic obstructive pulmonary disorder, prostate cancer, Hepatitis C, and hypertension); *Davies*, 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (similar).

Marmolejos's other arguments do not establish extraordinary and compelling reasons for release.  Marmolejos points to harsh conditions at MDC Brooklyn, his record as a model prisoner, and his unlikelihood of recidivism due to his deportation status on release. Def. Mot. at 5–6.  But these factors do not suffice to justify a reduced sentence here, largely because the Court already took these conditions into account in imposing sentence several months ago.  When Marmolejos was sentenced in November 2020, the Court was acutely aware of the arduous conditions in federal prisons as a result of the pandemic.  The Court explicitly took those conditions into account in fashioning Marmolejos's well-below-guidelines sentence.  *See* Sent. Tr. at 32 ("When a defendant has already, before sentencing, suffered from unusually arduous conditions, it's appropriate to consider that experience in determining the appropriate sentence. I'll do so today."), 33 ("[T]he sentence I impose today will be farther below the guidelines sentence than it otherwise would have been on account of the conditions in which you've been held.").  In addition to the months Marmolejos had already served under particularly arduous conditions, the Court also considered that these conditions were likely to continue.  *See id.* at 33 (a below-guideline sentenced was warranted in part due to the "extra harsh nature of federal custody today").  However, the Court ultimately found, "with regret and particular attention to gravity of the crime," that a sentence below 36 months was inconsistent with the § 3553(a) factors.  *Id.*  And while Marmolejos's continuing efforts towards rehabilitation in prison are commendable, these fall well short of justifying release at a point when Marmolejos has served less than 50% of his stated sentence for kilogram-level narcotics dealing.

For these reasons, the Court finds that Marmolejos has not identified compelling reasons for his release. But even assuming such reasons were found, to find early release justified, the Court would also have to find that Marmolejos's release at this point is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds that there is nothing in Marmolejos's submission that explains why further reduction would be consistent with the § 3553(a) factors. At sentencing, the Court imposed a sentence that carefully balanced, among all relevant factors, the harsh conditions due to COVID-19 against the seriousness of Marmolejos's kilogram-level dealing in dangerous substances such as heroin and fentanyl. The Court's assessment of the just sentence today remains unchanged. The Court does not find that a release after serving less than 50% of a sentence that already took the pandemic fully into account would be consistent with the § 3553(a) factors.

Marmolejos's circumstances diverge in important respects from those of the defendants whose compassionate release the Court *has* granted in recent months, recognizing the changed circumstances presented by COVID-19. Most important, because Marmolejos was sentenced deep into the pandemic, his sentence already reflected the mitigating aspects of the pandemic that have led the Court to grant compassionate release in other cases. Moreover, in addition to generally having had more severe medical conditions than Marmolejos—including serious comorbidities for COVID-19—those defendants had generally served a greater proportion of their sentences, such that the Court found the sentence resulting from a grant of compassionate release consistent with the § 3553(a) factors. *See, e.g.*, *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 at 2–4 (S.D.N.Y. Apr. 10, 2020) (ordering compassionate release a defendant who had served all but seven months of an 88-month sentence); *Hernandez*, 451 F. Supp. 3d

at 305 (same for defendant who had served 17 months of a 24-month sentence and was scheduled for release in four months); *Benjamin*, No. 15 Cr. 445 (PAE), Dkt. 1144 at 6–7 (same for a defendant who had asthma and had served nine years of his 10-year sentence); *United States v. Lizardi*, No. 11 Cr. 1032 (PAE), Dkt. 2523 at 2 (S.D.N.Y. Oct. 9, 2020) (same for a defendant who had served nearly 93 months of his 121-month sentence, and was expected to be released to a halfway house in five months).

      The Court thus finds that there are not extraordinary and compelling reasons for Marmolejos's release, and that the § 3553(a) factors disfavor Marmolejos's release, at this time. The Court accordingly denies Marmolejos's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

      SO ORDERED.

*[Signature: Paul A. Engelmayer]*

PAUL A. ENGELMAYER
United States District Judge

Dated: March 3, 2021
       New York, New York